LESLIE S. ROYCE, APPELLANT, *v.* CHAUNCEY C. GIBBONS, RESPONDENT.

*New trial in the County Court — a counter-claim, interposed simply as a defense, without a demand for an affirmative recovery thereon, does not justify a new trial.*

An action was brought in the Justices' Court for thirty-two dollars and eighty-five cents for work and labor performed, to which a defense was interposed of breach of contract, in that the plaintiff having hired for a definite time left before the expiration thereof, without cause and without leave of defendant, to the defendant's damage, in the sum of sixty-four dollars; judgment having been rendered in said action in favor of the defendant, an appeal was taken to the County Court. *Held*, that, as the answer made no demand for an affirmative judgment in favor of the defendant, that it was not a proper case for a new trial in the County Court.

APPEAL from an order of the St. Lawrence County Court, of December 9, 1884, denying plaintiff's motion to transfer this cause from the trial calendar to the law calendar of that court. The · order denying the motion recites " that the cause is a proper one for trial in the County Court, and that said cause remain upon the calendar for that purpose until regularly disposed of."

*John C. Keeler*, for the appellant.

*H. D. Ellsworth*, for the respondent.

LANDON, J. :

The action was tried in a Justice's Court. The return of the justice stated : " Plaintiff complained orally for work and labor performed for defendant ; balance due him thirty-two dollars and eighty-five cents, for which plaintiff demanded judgment and costs. Defendant answered, in writing, as follows : Defendant denies complaint ; defendant alleges that plaintiff hired for seven months at twenty-three dollars per month ; worked but three, and quit without cause and without leave of defendant ; that defendant was obliged to hire another man in place of plaintiff at an increased price of sixteen dollars per month ; that defendant was damaged in consequence of plaintiff's leaving in the sum of sixty-four dollars."

It will be seen that the answer makes no demand for judgment. The plaintiff recovered twenty-two dollars and thirty-three cents and costs. Section 3068, Code of Civil Procedure, provides that a new trial may be had in the County Court, where " the sum for which judgment was demanded by either party in his pleading exceeds fifty dollars." The defendant might have demanded judgment exceeding fifty dollars, or he might have demanded that the damages established by him be set off against any amount which the plaintiff might establish, and that he have judgment for the balance, or he might allow his claim to remain as a defense to the plaintiff's demand.

*Green* v. *Waite* (33 Hun, 191) holds, in a case more nearly like this than any other cited, that where matter which may constitute either a counter-claim or a defense is pleaded as a defense without designating it either as a defense or a counter-claim, it will be treated as a defense merely. We think the rule a sensible one in cases of appeal from a Justice's Court to the County Court.

The answer is equivocal upon the question presented. If the defendant had defeated the plaintiff's recovery in the Justices' Court, he could, upon this answer, plausibly, and probably successfully, insist that he had demanded no judgment at all. It is not asking too much to require him by his answer to take a definite position early enough to give his adversary the same right to a new trial in case of defeat that he now claims for himself in the like case.

The order should be reversed, with ten dollars costs and printing disbursements, and the motion granted.

LEARNED, P. J., and INGALLS, J., concurred.

Order of County Court reversed, with ten dollars costs and printing disbursements, and motion granted.